**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION**

| | |
|---|---|
| DONALD WATKINS, | CASE NO. 06-CV-12506 |
|     Plaintiff, | |
| v. | DISTRICT JUDGE DAVID M. LAWSON<br>MAGISTRATE JUDGE CHARLES E. BINDER |
| PUTNAM, *et al.*, | |
|     Defendants. | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
PURSUANT TO 28 U.S.C. §§ 1915A(b), 1915e(2)(B), & 42 U.S.C. § 1997e(c)(1)**

### I.  RECOMMENDATION

For the reasons set forth below, **IT IS RECOMMENDED** that Plaintiff's complaint be *sua sponte* **DISMISSED WITH PREJUDICE** because it fails to state a claim upon which relief can be granted.

### II.  REPORT

#### A.  Introduction

This *pro se* prisoner civil rights case brought pursuant to 42 U.S.C. § 1983 was referred by United States District Judge David M. Lawson to the undersigned Magistrate Judge for pretrial case management pursuant to 28 U.S.C. § 636(b).  (Dkt. 3.)  Plaintiff is an inmate in the custody of the Michigan Department of Corrections ("MDOC") and is currently housed at the Saginaw Correctional Facility in Saginaw, Michigan.  The incident upon which the complaint is based, however, occurred in 2004 when Plaintiff was incarcerated at the MDOC's G. Robert Cotton Correctional Facility ("JCF") in Jackson, Michigan.  Plaintiff's application to proceed *in forma*

*pauperis* pursuant to 28 U.S.C. § 1915(a)(1) was granted on July 11, 2006. After screening the *pro se* prisoner complaint, I conclude that the case is ready for Report and Recommendation.

**B.   Governing Law**

**1.   Screening Provisions**

This case is subject to screening under several provisions of the United State Code. Pursuant to 28 U.S.C. § 1915A,[1] 28 U.S.C. § 1915(e),[2] and 42 U.S.C. § 1997e(c)(1),[3] the Court must *sua sponte* dismiss this case before service on defendants if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.

A case is frivolous if it lacks an arguable basis either in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S. Ct. 1827, 104 L. Ed.2d 338 (1989). When determining whether a complaint fails to state a claim for relief, "[t]he court must construe the complaint in the light most

---

[1] 28 U.S.C. § 1915A provides in pertinent part:

(a) Screening. – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

(b) Grounds for dismissal. – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint--

> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

[2] 28 U.S.C. § 1915(e)(2)(B) provides in pertinent part that,

[n]otwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action . . .

> (I)  is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary relief against a defendant who is immune from such relief.

[3] 42 U.S.C. § 1997e(c)(1) provides that

[t]he court shall on its own motion or on the motion of a party dismiss any action brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility if the court is satisfied that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.

favorable to the plaintiff, accept all factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of his claims that would entitle him to relief." *Cline v. Rogers*, 87 F.3d 176 (6th Cir. 1996) (citing *In re DeLorean Motor Co.,* 991 F.2d 1236, 1240 (6th Cir. 1993)); FED. R. CIV. P. 12(b)(6).  Although federal courts are required to liberally construe the pleading of a *pro se* plaintiff and to hold it to a less stringent standard than a similar pleading drafted by attorneys,  *see Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999), a *pro se* plaintiff's complaint "must nonetheless 'contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory.'"  *Perry v. Southeastern Boll Weevil Eradication Foundation*, 154 Fed. Appx. 467, 472 (6th Cir. 2005) (quoting *Mezibov v. Allen*, 411 F.3d 712, 716 (6th Cir. 2005)).

### 2. Exhaustion Requirement

Prisoner civil rights cases are also subject to the Prison Litigation Reform Act's mandate that "[n]o action shall be brought with respect to prison conditions under § 1983 . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a).  The Michigan Department of Corrections provides prisoners with a three-step grievance procedure for bringing forward their concerns and complaints.  *See generally* MDOC Policy Directive 03.02.130.  To exhaust a claim, a Michigan prisoner must proceed through all three steps of the process, because an inmate "cannot abandon the process before completion and claim that he has exhausted his remedies." *Hartsfield v. Vidor*, 199 F.3d 305, 309 (6th Cir. 1999).  However, the Prison Litigation Reform Act also provides that, "[i]n the event that a claim is, on its face, frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief, the court may dismiss the underlying claim without first requiring the exhaustion of administrative remedies."  42 U.S.C. § 1997e(c)(2).

**C.     The Complaint**

Plaintiff asserts that in March 2004 he was "arbitrarily and capriciously designated as a Security Threat Group (STG) member by JCF inspector L. Putnam" and that "[s]aid designation was finalized/approved by defendant Robert Mulvaney (Central Office STG Coordinator)." (Compl. Dkt. 1 at ¶ 12.)  On March 29, 2004, Plaintiff submitted a Step I grievance asserting that this designation denied him the right to be "properly notified of any and all allegations and charges made against [him], [his] right to prepare and present a defense to an impartial fact-finder at a hearing, and [his] right to Due Process." (Compl. at 29, Grievance No. JCF-04-06-01395-008A.)  Plaintiff stated in the Step I grievance that he had sent letters to Inspector L. Putnam at JCF and to Robert Mulvaney at the Department of Corrections in Lansing regarding this issue, but had received no response.  No other defendants were mentioned.  The grievance was denied at all three steps.  The grievance responses indicated that an investigation into his complaint revealed that Plaintiff had been designated an STG II member in accordance with MDOC policy.  (See Steps II & III Responses, attached to Compl.)

**D.     Discussion**

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law.  *West v. Atkins*, 487 U.S. 42, 48, 108 S. Ct. 2250, 101 L. Ed. 2d 40 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996).  Section 1983 is a method for vindicating federal rights, not a source of substantive rights itself, and therefore the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed.  *Albright v. Oliver*, 510 U.S. 266, 271, 114 S. Ct. 807, 127 L. Ed. 2d 114 (1994).

In this case, Plaintiff claims that his Fourteenth Amendment right to procedural due process was violated because he did not receive notice or an opportunity to present a defense

4

before being designated a security threat. To state a procedural due process claim under § 1983, a plaintiff must demonstrate that he possessed a protected liberty or property interest and that he was deprived of that interest without due process. *Hahn v. Star Bank*, 190 F.3d 708, 716 (6th Cir. 1999). In *Sandin v. Conner*, 515 U.S. 472, 115 S. Ct. 2293, 132 L. Ed. 2d 418 (1995), the Supreme Court held that the only liberty interest a prisoner may protect through § 1983 is "freedom from restraint which . . . imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Id.* at 486.

Here, I suggest that Plaintiff's claim regarding his classification as a security threat group member fails to implicate a liberty interest. In *Harbin-Bey v. Rutter*, 420 F.3d 571 (6th Cir. 2005), the Sixth Circuit held that designation as member of a security threat group and the permanent restrictions imposed as a result of that designation does not impose an atypical and significant hardship in relation to the ordinary incidents of prison life. *Id.* at 577 ("an increase in security classification, such as being classified as a[n] STG member, does not constitute an atypical and significant hardship in relation to the ordinary incidents of prison life because a prisoner has no constitutional right to remain incarcerated in a particular prison or to be held in a specific security classification.") (internal quotations omitted). Furthermore, in *Rimmer-Bey v. Brown*, 62 F.3d 789, 790-91 (6th Cir. 1995), the Sixth Circuit applied the *Sandin* test to the claim of a Michigan inmate that the mandatory language of the MDOC's regulations created a liberty interest that he receive notice and hearing before being placed in administrative segregation. The court held that regardless of the mandatory language of the prison regulations, the inmate did not have a liberty interest because his placement in administrative segregation did not constitute an atypical and significant hardship within the context of his prison life.

In this case, Plaintiff's revised security designation does not even require his placement in administrative segregation. Instead, Plaintiff argues that it has just as grave a result:

5

> being designated as STG II is a form of segregation as other prisoners are unwilling to associate with anyone under STG II status because being seen talking to or conversing with STG members can result to being STG'd themselves, therefore they keep their distance from STG II members[.]

(Compl. at 30.) I suggest, however, that Plaintiff's claim of being ostracized by other prisoners does not implicate a liberty interest, especially in light of the Sixth Circuit's repeated holding that actual confinement to segregation does not present an "atypical and significant" hardship implicating a protected liberty interest. *See Jones v. Baker*, 155 F.3d 810, 812-13 (6th Cir. 1998); *Mackey v. Dyke*, 111 F.3d 460 (6th Cir. 1997).

Without a protected liberty interest, Plaintiff cannot successfully claim that his due process rights were violated because "process is not an end in itself." *Olim v. Wakinekona*, 461 U.S. 238, 250, 103 S. Ct. 1741, 75 L. Ed. 2d 813 (1983). Accordingly, I suggest that the complaint be dismissed with prejudice for failure to state a claim upon which relief can be granted pursuant to 42 U.S.C. § 1997e(c)(2).

## III. REVIEW

The parties to this action may object to and seek review of this Report and Recommendation within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers*

*Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

                                           s/ *Charles E Binder*
                                           CHARLES E. BINDER
Dated: July 11, 2006                         United States Magistrate Judge

### CERTIFICATION

I hereby certify that this Report and Recommendation was electronically filed this date, served on Donald Watkins by first class mail, and served on District Judge Lawson in the traditional manner.

Date: July 11, 2006                    By     s/Jean L. Broucek
                                              Case Manager to Magistrate Judge Binder