UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

DONALD WATKINS,

        Plaintiff,

v.

        Case Number 06-12506-BC
        Honorable Thomas L. Ludington

L. PUTNAM, ROBERT MULVANEY,
JOE BARRAT, RALPH A. MORGAN,
D. VASBINDER, PATRICIA CARUSO,
RICHARD B. STAPLETON,
and JAMES ARMSTRONG,

        Defendants.
_____/

## ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION, OVERRULING PLAINTIFF'S OBJECTIONS, AND DISMISSING CASE

This matter is before the Court on the plaintiff's objections to a report issued by magistrate judge Charles E. Binder recommending that his complaint be *sua sponte* dismissed because he failed to allege any protected liberty interest under the Fourteenth Amendment. The plaintiff, a prisoner presently confined at the Saginaw, Michigan Correction Facility, alleges that in March 2004 while he was incarcerated at the G. Robert Cotton Correctional Facility in Jackson, Michigan he was "arbitrarily and capriciously designated as a Security Threat Group member by JCF inspector L. Putnam" and that "[s]aid designation was finalized/approved by defendant Robert Mulvaney (Central Office STG coordinator)." R & R at 4. Apparently, he submitted a Step 1 grievance complaining that the threat designation denied him the right to be "properly notified of any and all allegations and charges made against [him], [his] right to properly prepare and present a defense to an impartial fact-finder at a hearing, and [his] right to Due Process." *Ibid.*; Compl at 29. The plaintiff recounted in his grievance that he had sent letters to Putnam and Mulvaney regarding his

allegation, but had received no response. The department of corrections denied this grievance at all three steps. The plaintiff's complaint contains no information with respect to the other named defendants and to what extent, if any, he has pursued administrative remedies against them.

However, the magistrate judge did not rely on the exhaustion-of-administrative-remedies requirement, which recently has changed to emphasize Federal Rule of Civil Procedure 8's liberal pleading standard. *See Jones v. Bock*, ___U.S.___, ___, 2007 WL 135890 (Jan. 22, 2007). Instead, the magistrate suggested, pursuant to his screening duties, that the plaintiff's claim was subject to *sua sponte* dismissal because there was no viable cause of action on the face of the complaint. *See* 42 U.S.C. § 1997e(c)(2) (specifying that "[i]n the event that a claim is, on its face, frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief, the court may dismiss the underlying claim without first requiring the exhaustion of administrative remedies").

The magistrate judge reasoned that in order to state a cause of action under 42 U.S.C. § 1983, the plaintiff must allege a constitutional violation or abrogation of a federal statutory right and that the deprivation was committed by a person acting under color of state law. *See* R & R at 4 (citing *West v. Atkins*, 487 U.S. 42, 48 (1988). At the minimum, the plaintiff must point to the specific constitutional right that was allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994). The magistrate judge ultimately concluded that although the plaintiff had identified the due process protection of the Fourteenth Amendment, he failed to show he had a liberty interest that the Constitution protects:

> In this case, Plaintiff claims that his Fourteenth Amendment right to procedural due process was violated because he did not receive notice or an opportunity to present a defense before being designated a security threat. To state a procedural due process claim under § 1983, a plaintiff must demonstrate that he possessed a protected liberty

or property interest and that he was deprived of that interest without due process. *Hahn v. Star Bank*, 190 F.3d 708, 716 (6th Cir. 1999). In *Sandin v. Conner*, 515 U.S. 472 (1995),the Supreme Court held that the only liberty interest a prisoner may protect through § 1983 is "freedom from restraint which . . . imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Id*. at 486.

Here, I suggest that Plaintiff's claim regarding his classification as a security threat group member fails to implicate a liberty interest. In *Harbin-Bey v. Rutter*, 420 F.3d 571 (6th Cir. 2005), the Sixth Circuit held that designation as member of a security threat group and the permanent restrictions imposed as a result of that designation does not impose an atypical and significant hardship in relation to the ordinary incidents of prison life. *Id.* at 577 ("an increase in security classification, such as being classified as a[n] STG member, does not constitute an atypical and significant hardship in relation to the ordinary incidents of prison life because a prisoner has no constitutional right to remain incarcerated in a particular prison or to be held in a specific security classification.") (internal quotations omitted). Furthermore, in *Rimmer-Bey v. Brown*, 62 F.3d 789, 790-91 (6th Cir. 1995), the Sixth Circuit applied the *Sandin* test to the claim of a Michigan inmate that the mandatory language of the MDOC's regulations created a liberty interest that he receive notice and hearing before being placed in administrative segregation. The court held that regardless of the mandatory language of the prison regulations, the inmate did not have a liberty interest because his placement in administrative segregation did not constitute an atypical and significant hardship within the context of his prison life.

In this case, Plaintiff's revised security designation does not even require his placement in administrative segregation. Instead, Plaintiff argues that it has just as grave a result:

> being designated as STG II is a form of segregation as other prisoners are unwilling to associate with anyone under STG II status because being seen talking to or conversing with STG members can result to being STG'd themselves, therefore they keep their distance from STG II members[.] (Compl. at 30.)

I suggest, however, that Plaintiff's claim of being ostracized by other prisoners does not implicate a liberty interest, especially in light of the Sixth Circuit's repeated holding that actual confinement to segregation does not present an "atypical and significant" hardship implicating a protected liberty interest. See *Jones v. Baker*, 155 F.3d 810, 812-13 (6th Cir. 1998).

Without a protected liberty interest, Plaintiff cannot successfully claim that his due process rights were violated because "process is not an end in itself." *Olim v. Wakinekona*, 461 U.S. 238, 250 (1983).

R & R at 4-5 (some internal citations omitted).

In his objections, the plaintiff complains that the magistrate judge misread his complaint and the core issue at which he was driving. He writes that he is not claiming an entitlement to a formal hearing prior to being designated as a security threat group member. Instead, he believes that he was entitled to notice that he was associating with security threat members. Presumably, his designation as a threat arose from that association. And since security threat designees do not openly discuss their status, he claims he had no way of knowing that his conduct would lead to such a designation on his part. Otherwise, he maintains, he would not have associated with those individuals.

Although the plaintiff advances an interesting theory, he still has not overcome the threshold showing that he possessed any cognizable liberty interest. If designating a prisoner as a threat does not implicate any liberty interest, then it follows that the plaintiff has no such interest in actual notice of individuals with a security threat designation. In other words, the plaintiff is displeased that he was designated a security threat, but if such a designation does not implicate due process, then neither can the process leading to that designation. In a sense, the situation is analogous to surveillance law enforcement might undertake to infiltrate a drug ring. Through observation, officials might identify "known drug traffickers." Certainly, it is conceivable that an innocent party might unknowingly associate with a know drug trafficker and thereby bring himself under heightened suspicion. Indeed, the association plausibly could lead to additional surveillance and the designation of the innocent individual as a "drug trafficker." Under the plaintiff's theory, law enforcement officials would be required to provide actual notice to the innocent party of who the "known drug traffickers" are so that he could be sure to avoid them and any potential designation as a "drug trafficker." Plainly, the Constitution imposes no such duty. Nor does it in this case.

Accordingly, it is **ORDERED** that the magistrate judge's report and recommendation [dkt # 7] is **ADOPTED**, the plaintiff's objections thereto [dkt #8] are **OVERRULED**, and the case is **DISMISSED WITH PREJUDICE**.

s/Thomas L. Ludington  
THOMAS L. LUDINGTON  
United States District Judge

Dated: July 27, 2007

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on July 27, 2007.

s/Tracy A. Jacobs  
TRACY A. JACOBS

---